## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SAM WILES and EMILY ROBERTS, Individually and on Behalf of All Others Similarly Situated, | |
| **Plaintiffs,** | |
| v. | **Case No:** |
| SOUTHWESTERN BELL TELEPHONE COMPANY d/b/a AT&T [Serve at: CT Corporation System     120 South Central Avenue     Clayton, Missouri 63105] | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

### CLASS ACTION COMPLAINT

**COME NOW** Plaintiffs Sam Wiles and Emily Roberts, on behalf of themselves

and all others similarly situated, allege and aver as follows:

### INTRODUCTION

1.    This class action arises out of improper and unlawful actions by the Defendant

who unlawfully obtained, disclosed, used, sold, and/or disseminated the Plaintiffs'

and the Class members' personal information or highly restricted personal

information for commercial purposes and profit as prohibited by law.

2.    Plaintiffs and the Class members are licensed drivers in the State of Missouri and

other states and their information is maintained by the Missouri Department of

Revenue and other similar entities in other states. The Missouri Department of

Revenue and other similar entities in other states maintain personal information

and/or highly restricted personal information pertaining to each individual who owns a vehicle licensed within the state or has a driver's license within the state.

3.    Defendant knowingly obtained, disclosed, sold and/or disseminated the personal information and/or highly restricted personal information of the Plaintiffs and the Class members for unlawful purposes and also made false representations to unlawfully obtain such information.

4.    The acts of the Defendant, as described more particularly below, were in violation of the law, specifically the Federal Driver's Privacy Protection Act ("DPPA").

## PARTIES

5.    Plaintiff Sam Wiles is an individual who resides at 327 Fox Creek Rd., Jefferson City, Cole County, Missouri.

6.    Plaintiff Emily Roberts is an individual who resides at 721 Dean Drive, Jefferson City, Missouri.

7.    Defendant Southwestern Bell Telephone Company ("SW Bell") is a corporation organized and existing under the laws of Missouri with its principal place of business located at One AT&T Plaza, 208 S. Akard St., Dallas, Texas 75202.  SW Bell may be served through its registered agent CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over this action and the Defendant pursuant to 28 U.S.C. § 1331 in that this action arises under statutes of the United States, specifically the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721, et seq.

The DPPA specifically authorizes this Court to exercise jurisdiction. This Court has pendant jurisdiction over the state law claims alleged herein.

9. This Court has personal jurisdiction over the Defendant since the Defendant in incorporated in Missouri, transacted business and made contracts in Missouri, violated the law within the State of Missouri, and otherwise has sufficient minimum contacts with the state of Missouri as more particularly described below.

10. Defendant has sufficient minimum contacts, and in fact, substantial contacts with Missouri such that the maintenance of this suit does not offend traditional notions of fair play and substantial justice. Defendant has voluntarily submitted itself to the jurisdiction of this Court and jurisdiction is proper because, among other things:

   a. Defendant directly and purposefully obtained, misappropriated, disclosed, and/or sold personal information and/or highly restricted personal information belonging to individuals living in Missouri, including the Plaintiffs and the individual Class members;

   b. Defendant committed tortious acts within this state by unlawfully obtaining and misappropriating personal information and/or highly restricted personal information belonging to citizens of Missouri and otherwise violating the DPPA;

   c. Plaintiffs' and the Class members' causes of action directly arise from Defendant's commission of tortious and unlawful acts in Missouri;

3

d. Plaintiffs' and the Class members' causes of action directly arise from Defendant's transaction(s) of business in Missouri;

e. Defendant should reasonably anticipate being haled into court in Missouri to answer for its unlawful acts. Missouri has a strong interest in providing a forum for its residents aggrieved by violations of the law.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) in that a substantial part of the events giving rise to the claim occurred in within this District in Jefferson City, Cole County, Missouri.

## GENERAL ALLEGATIONS

12. Defendant SW Bell is a corporation in the business of providing communications services to consumers throughout the southwest United States.

13. In 2008, and on multiple occasions during the several years prior to 2008, Defendant obtained a large database of information from the Missouri Department of Revenue (DOR) and, upon information and belief, has obtained similar databases from other states and/or state agencies.

14. The information database acquired by the Defendant from DOR contained specific information pertaining to every licensed driver in the State of Missouri.

15. The information database acquired by the Defendant from DOR contained "personal information" and/or "highly restricted personal information" (as defined by the DPPA, 18 U.S.C. §§ 2721, *et seq.*) pertaining to hundreds of thousands (and perhaps millions) of licensed drivers in the State of Missouri.

16. Upon information and belief, the databases obtained by the Defendant from other states contained "personal information" and/or "highly restricted personal

4

information" pertaining to hundreds of thousands (and perhaps millions) of licensed drivers.

17. The Plaintiffs' and the Class members' personal information and/or highly restricted personal information was obtained, used, or disclosed by the Defendant without first obtaining the express consent of the individuals to whom the information belonged.

18. No exception or "permissible use" from the DPPA covers the Defendant's act of obtaining, using, or disclosing the personal information and/or highly restricted personal information from every driver described above. Neither the nature of the Defendant's business, nor the alleged purpose for which it obtained the information is invokes any "permissible use" exception of the DPPA.

## CLASS ACTION ALLEGATIONS

19. This action is properly brought as a plaintiff class action pursuant to Fed. R. Civ. P. 23. Plaintiffs bring this action on their own behalf and all others similarly situated, as representatives of the following class:

All licensed drivers whose personal information and/or highly restricted personal information from their motor vehicle record, as defined by 18 U.S.C. § 2725, was obtained, disclosed, or used by the Defendant, or any agent, officer, employee, or contractor of the Defendant. Excluded from the Class are (1) any officer agent or employee of the Defendant or family members thereof; (2) any of the undersigned attorneys or any member of the undersigned attorneys' immediate families; (3) the Court presiding over this case; and (4) any personnel of the Court presiding over this case.

20. The particular members of the Class are capable of being described without difficult managerial or administrative problems. The members of the Class are readily identifiable from the information and records in the possession or control of the Defendant.

5

21. The Class members are so numerous that individual joinder of all members is impractical. This allegation is based upon information and belief that the Defendant unlawfully obtained and misappropriated personal information and/or highly restricted personal information of hundreds of thousands (and perhaps millions) of licensed drivers.

22. There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members of the Class and, in fact, the wrongs suffered and remedies sought by Plaintiffs and the other members of the Class are premised upon unlawful acts perpetrated by the Defendant. The principal common issues include, but are certainly not limited to the following:

   a. The nature and extent of the Defendant's involvement in unlawfully obtaining the personal information and/or highly restricted personal information of drivers;

   b. Whether the actions taken by the Defendant, or agents thereof, in obtaining the personal information and/or highly restricted personal information of drivers violated the DPPA;

   c. Whether the Defendant unlawfully obtained, misappropriated, used or sold personal information and/or highly restricted personal information from motor vehicle records or driver records within the meaning of the DPPA;

   d. The nature and extent to which the personal information and/or highly restricted personal information belonging to the Class members was unlawfully obtained, used, sold or disclosed;

6

e. The nature and extent of the Class members actual damages;

f. The nature and extent of all statutory penalties or damages for which the Defendant is liable to the Class members; and

g. Whether punitive damages are appropriate.

23. Plaintiffs' claims are typical of those of the Class and are based on the same legal and factual theories.

24. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have suffered injury in their own capacity from the practices complained of and are ready, willing and able to serve as class representatives. Moreover, Plaintiffs' counsel is experienced in handling class actions and actions involving unlawful commercial practices. Neither Plaintiffs nor their counsel have any interest that might cause them not to vigorously pursue this action.

25. Certification of a plaintiff class under Fed. R. Civ. P. 23 is appropriate in that Plaintiffs and the Class members seek monetary damages, common questions predominate over any individual questions, and a plaintiff class action is superior for the fair and efficient adjudication of this controversy. A plaintiff class action will cause an orderly and expeditious administration of the Class members' claims and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured. Moreover, the individual class members are unlikely to be aware of their rights and not in a position (either through experience or financially) to commence individual litigation against the likes of the Defendant.

26. Alternatively, certification of a plaintiff class is appropriate in that inconsistent or

7

varying adjudications with respect to individual members of the Class would establish incompatible standards of conduct for the Defendant or adjudications with respect to individual members of the Class as a practical matter would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

27.    Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding relief with respect to the class as a whole.

### COUNT I
### (Violation of the DPPA)

28.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

29.    The DPPA, specifically 18 U.S.C. § 2722(a), prohibits any organization or entity from knowingly obtaining and/or disclosing personal information and/or highly restricted personal information contained in motor vehicle records for any purpose not specifically enumerated in the statute.

30.    "Highly restricted personal information" is defined in the DPPA, specifically 18 U.S.C. § 2725(4), to include an individual's photograph or image, social security number, and medical or disability information.

31.    "Personal information" is defined in the DPPA, specifically 18 U.S.C. § 2725(3), to include an individuals photograph, social security number, driver identification number, name, address, telephone number, and medical or disability information.

32.    Defendant knowingly obtained and/or disclosed the Plaintiffs' and the Class

8

members' personal information and/or highly restricted personal information, as defined by the DPPA, for a use not permitted and in violation of the DPPA, specifically 18 U.S.C. § 2722(a).

33. Upon information and belief, Defendant also knowingly made false representations to obtain the Plaintiffs' and the Class members' personal information and/or highly restricted personal information, as defined by the DPPA, in violation of the DPPA, specifically 18 U.S.C. § 2722(b).

34. No exception or "permissible use" from the DPPA covers the Defendant's act of obtaining, using, or disclosing the personal information and/or highly restricted personal information from every driver described above.

35. Plaintiffs and Class members have suffered actual injures, as alleged herein, and pursuant to 18 U.S.C. § 2724, are entitled to damages, including, but not limited to:

   a. actual damages, but not less than liquidated damages in the amount of $2,500.00 each;

   b. punitive damages upon proof of willful or reckless disregard of the law;

   c. reasonable attorneys' fees and other litigation costs reasonably incurred; and

   d. such other preliminary and equitable relief as the court determines to be appropriate.

## COUNT II
### (Unjust Enrichment)

36. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

37. As set forth herein, the Defendant unlawfully obtained, disclosed, and/or used the

Case 2:09-cv-04236-NKL   Document 1   Filed 11/13/09   Page 9 of 12

personal information and/or highly restricted personal information pertaining to the Plaintiffs and the Class members.

38. Accordingly, Defendant has been unjustly enriched in that it received and retained the benefits of the proceeds from the acquisition, disclosure and/or use of personal information and/or highly restricted personal information that it unlawfully received.

39. Said benefits were unlawfully obtained to the detriment of Plaintiffs and the Class members.

40. Allowing Defendant to retain the aforementioned benefits violates fundamental principles of justice, equity, and good conscience.

## COUNT III
### (Injunctive Relief)

41. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

42. As set forth herein, the Defendant has improperly obtained and misappropriated information pertaining to Plaintiffs and the Class Members as prohibited by Federal law.

43. Upon information and belief, Defendant continues its wrongful practices and still maintains and possesses the unlawfully obtained information pertaining to the Plaintiffs and the Class members.

44. As set forth herein, Plaintiffs have a high probability of success on the merits of this action.

10

## PRAYER FOR DAMAGES

**WHEREFORE**, Plaintiffs, on behalf of themselves and all members of the Class respectfully pray for judgment against the Defendant as follows:

a)      For an order certifying that this action may be maintained as a class action under Fed. R. Civ. P. 23 and appointing Plaintiffs and their counsel, to represent the Class;

b)      For a declaration that the Defendant's actions violated the Federal Driver's Privacy Protection Act;

c)      For all actual damages, statutory damages, penalties, interest and remedies available for the Defendant's violations of the Federal Driver's Privacy Protection Act;

d)      For a declaration that Defendant, through its actions and misconduct as alleged above, has been unjustly enriched and an order that Defendant disgorge such unlawful gains and proceeds;

e)      For an award to Plaintiffs and the Class of their costs and expenses of this action;

f)      For an award to Plaintiffs and the Class their reasonable attorneys' fees; and

g)      For such other and further relief as the Court may deem necessary and proper.

Respectfully Submitted,


/s/ Mitchell L. Burgess          _
**RALPH K. PHALEN ATTNY AT LAW**
Ralph K. Phalen, MO#36687
1000 Broadway, Suite 400
Kansas City, Missouri 64105


11

(816) 589-0753
(816) 471-1701 FAX

**BURGESS & LAMB, P.C.**
Mitchell L. Burgess, MO#47524
Keith C. Lamb, MO#56761
1000 Broadway, Suite 400
Kansas City, Missouri 64105
(816) 471-1700
(816) 471-1701 FAX

**SAXTON LAW FIRM**
Don P. Saxton, MO#56840
1000 Broadway, Suite 400
Kansas City, Missouri 64105
(816) 471-1700
(816) 471-1701 FAX

**ATTORNEYS FOR PLAINTIFFS**

12