# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| SAM WILES and EMILY ROBERTS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 09-4236-CV-C-NKL |
| ) | |
| SOUTHWESTERN BELL TELEPHONE ) | |
| COMPANY d/b/a AT&T, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiffs Sam Wiles and Emily Roberts ("Plaintiffs") bring this putative class action against Defendant Southwestern Bell Telephone Company, d/b/a AT&T ("AT&T"). Plaintiffs say that AT&T violated the Drivers Privacy Protection Act ("DPPA"),18 U.S.C. § 2721, *et seq.* Before the Court is AT&T's Motion to Dismiss or, in the Alternative, for More Definite Statement [Doc. # 16]. For the following reasons, the Court grants in part and denies in part the motion.

### I.     Factual Background

Following are the substantive allegations of Plaintiffs' Class Action Complaint ("Complaint"). Plaintiffs are licensed drivers in the State of Missouri and other states. With regard to licensed drivers, those states maintain "personal" and "highly restricted personal" information – terms defined by the DPPA, specifically, 18 U.S.C. § 2722(a). In 2008, AT&T obtained a large database of information from the Missouri Department of Revenue and other states, which contained personal and highly restricted personal information concerning

hundreds of thousands of licensed Missouri drivers, including Plaintiffs. Plaintiffs state that, in violation of the DPPA, AT&T knowingly obtained, disclosed, sold and/or disseminated Plaintiffs' personal or highly restricted personal information without their consent for unlawful purposes and also made false representations to unlawfully obtain such information. AT&T obtained and/or disclosed their information for commercial purposes and profit – purposes which are not specifically allowed by the DPPA. Plaintiffs state that they have suffered injury from AT&T's practices. They state that AT&T has been unjustly enriched in that it retained the benefit of the proceeds from the unlawful acquisition, disclosure, or use of their personal information and/or highly restricted personal information, and that it did so to Plaintiffs' detriment.

The Complaint is divided into two counts. Count I asserts violations of the DPPA. Count II asserts that AT&T was unjustly enriched via that DPPA violation.

**II. Discussion**

AT&T moves to dismiss the Complaint on several grounds. First, it moves to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for failure to allege facts establishing standing. In addition, AT&T moves to dismiss under Rule 12(b)(6), essentially arguing that Plaintiffs have not adequately pleaded the elements of their claims. Specifically, AT&T says (1) that Plaintiffs' allegations are too conclusory to meet federal pleading standards, (2) that Plaintiffs cannot state a claim under the DPPA because the Complaint does not indicate that AT&T acted with an improper purpose in obtaining motor vehicle records and (3) that Plaintiffs cannot state a claim for unjust enrichment because Plaintiffs

2

themselves did not confer a benefit on AT&T. Alternatively, AT&T moves for a more definite statement pursuant to Rule 12(e). The parties have briefed and presented oral argument on the issues.

### A. The DPPA

The DPPA establishes a "regulatory scheme that restricts the States' ability to disclose a driver's personal information without the driver's consent." *Reno v. Condon*, 528 U.S. 141, 144 (2000). The DPPA represents Congress's attempt to strike "a critical balance between legitimate governmental and business needs for this information, and the fundamental right of our people to privacy and safety." *Russell v. Choicepoint Servs., Inc.*, 302 F. Supp. 2d 654, 665 (E.D. La. 2004) (quoting 139 Cong. Rec. S15, 763 (1993)). To strike this balance, Congress set forth certain "permissible uses" for which states may disclose motor vehicle records. *See* 18 U.S.C. § 2721(a)-(b).

The DPPA makes it unlawful for a person "knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721(b) of this title." 18 U.S.C. § 2722(a). The DPPA also makes it unlawful to knowing make false representations to obtain such information. 18 U.S.C. § 2722(b). The DPPA provides penalties for violation in the form of criminal fines and government enforcement, and also provides a private right of action. *See* 18 U.S.C. §§ 2723, 2724. The section granting a private right of action, § 2724, states:

> (a) Cause of Action. – A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this

3

chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court.

18 U.S.C. § 2724(a). Thus, on its face, the DPPA sets forth the following elements of a claim: defendants (a) knowingly (b) obtained, disclosed, or used personal information (c) from a motor vehicle record (d) for any use not permitted by the statute.

The DPPA provides fourteen permissible uses for "personal" and "highly restricted personal" information. *See* 18 U.S.C. § 2721(b).[1] Specifically, Section 2721(b)(3)(A) includes permission to disclose "personal information" to businesses for verifying the accuracy of personal information submitted to the business. 18 U.S.C. § 2721(b)(3)(A). "Highly restricted personal information" may only be disclosed in more limited circumstances. *See* 18 U.S.C. § 2721(a)(2) (allowing, generally, disclosure for use by a government agency, courts and agencies, insurance companies, and employers).

### B. Rule 12(b)(1) Standing Challenge

---

[1] Section 2721(b) allows disclosure for the following uses (paraphrasing): (1)by a government agency; (2) motor vehicle safety, ownership, and performance information;(3) in the normal course of business to verify or correct the accuracy of personal information submitted to the business; (4) by courts or in agency investigations; (5) research activities; (6) by insurance companies; (7) in providing notice to owners of towed vehicles; (8) by licensed private investigative agencies; (9) by employers to verify driver's license information; (10) in connection with the operation of private toll transportation facilities; (11) in response to requests for motor records where the motor vehicle department informs individuals have been informed that information may be disclosed and provided the opportunity to opt out of such disclosure; (12) for marketing or solicitation if the motor vehicle department informs individuals as in (11); (13) by any requester with written consent of the individual whose information is requested; and (14) "For any other use specifically authorized under the law of the State thatholds the record, if such use is related to the operation of a motor vehicle or public safety." *See* 18 U.S.C. § 2721(b).

AT&T argues that Plaintiffs' do not adequately allege that they have standing to pursue their claims, such that the Court is without subject matter jurisdiction. Article III "[s]tanding consists of three elements: the plaintiff must have suffered an injury in fact; there must be a causal connection between that injury and the conduct complained of; and it must be likely that the injury would be redressed by a remedy the court could order." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Congress may create rights by statute, the invasion of which gives rise to an injury conferring standing, even though no injury would exist in the absence of the statute. *Linda R. S. v. Texas*, 410 U.S. 614, 617 n.3 (1973). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Lujan*, 504 U.S. at 561; *see also H.L. v. Matheson*, 450 U.S. 398, 414 (1981) ("Standing depends initially on what the complaint alleges . . . as courts have the power only to redress or otherwise to protect against injury to the complaining party").

As to injury, the Complaint alleges that AT&T knowingly obtained Plaintiffs' personal information and highly restricted personal information for an impermissible commercial and profit purposes. In the DPPA, Congress gave individuals the right to be free from having their records knowingly obtained for an impermissible purpose. *See* 18 U.S.C. §§ 2721, 2724(a). In fashioning the DPPA, Congress created a right to privacy, the invasion of which creates an injury sufficient to create standing. *See generally Pichler v. UNITE*, 542
5

F.3d 380, 388 (3d Cir. 2008) (recognizing that the DPPA protects the privacy rights of individuals); *Parus v. Cator*, No. 05-C-0063-C, 2005 WL 2240955, at *5 (W.D. Wisc. Sept. 14, 2005) (finding that improperly obtaining personal information was an injury for purposes of a DPPA claim). In alleging a violation of that right, Plaintiffs' have adequately alleged a basis for standing.

C.     **Rule 12(b)(6) Challenge**

AT&T argues that Plaintiffs fail to state a claim upon which relief can be granted. AT&T argues that Plaintiffs' allegations are conclusory and they have not pleaded the elements of their DPPA and unjust enrichment claims.

Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," which place defendants on "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). *Twombly* affirmed that the pleading standards of Rule 8 apply to motions to dismiss under Rule 12(b)(6). *See id.* ("Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.") On a Rule 12(b)(6) motion, the Court accepts as true the factual allegations of a complaint, and construes them in the light most favorable to the plaintiffs. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

1.     **DPPA Claims**

### a. § 2722(a) – Knowingly Obtaining, Disclosing, or Using Information for an Impermissible Purpose

AT&T argues that Plaintiffs fail to meet pleading standards as to their DPPA claims. Plaintiffs do allege the elements of a DPPA claim under § 2722(a) and § 2724(a). The Complaint plainly states that, in 2008, AT&T (a) knowingly (b) obtained, disclosed, or used personal information and highly restricted personal information (c) in motor vehicle records from the Missouri Department of Revenue (d) for commercial purposes and profit, which is an impermissible purpose under the DPPA.

AT&T's argument on its motion to dismiss clarified that AT&T was on notice of what Plaintiffs are claiming. The Complaint points AT&T to the challenged conduct – obtaining, disclosing or using their personal information for impermissible purposes. AT&T argued directly to the facts of those allegations, conceding that it did obtain and use information and asserting that it did so permissibly – specifically, for purposes of verifying information provided by AT&T customers to AT&T call-in centers to avoid fraud. Though AT&T argues that it cannot be liable because this purpose was permissible, that argument turns on facts outside the Complaint, which the Court must not consider on a motion to dismiss; further, Plaintiffs have alleged that AT&T obtained, disclosed and used their highly restricted personal information – information which cannot be used for the purpose stated by AT&T. *See* 18 U.S.C. § 2721(a). Though AT&T argues that Plaintiffs should have been more specific, particularly with regard to AT&T's impermissible acquisition and use of the information, the Court cannot require more than what Plaintiffs have provided at this stage

7

of the litigation, where it is AT&T that controls disclosure of the very facts it insists Plaintiffs should plead. *See generally Welch v. Theodorides-Bustle*, No. 4:09cv302-RH/WCS, 2010 WL 22365 (N.D. Fl. Jan. 5, 2010) ("[I]t is hard to plead a negative with great specificity; that there was no permissible purpose for the disclosure is about as precise as one could be."). AT&T is on notice of what Plaintiffs are claiming under § 2722(a) and § 2724(a).

### b. § 2722(b) - Knowingly Making False Representations in Obtaining Information

AT&T also argues that, regardless of the detail of their factual allegations, Plaintiffs cannot proceed with their claim under § 2722(b) because the DPPA does not establish a private right of action for making false representations in obtaining information. The question of whether a statute expressly or impliedly creates a private right of action is a matter of statutory construction. *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15 (1979). "[I]t is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *Id.* at 19. Again, in the DPPA, Congress allowed individuals to bring "civil action[s]" for the knowing acquisition, use, or disclosure of information for impermissible purposes. 18 U.S.C. § 2724. The plain language of that provision does not provide a private right of action for making false representations in obtaining information. *See id.* Section 2723 may encompass false representations, providing for criminal fines and government enforcement for obtaining information through false representations. But § 2724 "entirely

8

lack[s] the sort of 'rights-creating' language critical to showing the requisite congressional intent to create" a private right of action on false representations. *See Gonzaga Univ. v. Doe*, 536 U.S. 287 (2002) (holding that a statutory prohibition on disclosing students' records did not create a private right of action); *Miller v. Image Data LLC*, 91 Fed. Appx. 122 , 127 (10th Cir. 2004) ("[T]he logical inference from the structure and express language of the Driver's Privacy Act reveals Congress' intent to create a private right of action under § 2722(a), but to leave the enforcement of a violation of § 2722(b) to the United States Department of Justice."); *Bailey v. Daniels*, — F. Supp. 3d —, 2009 WL 5173690, at *8 (W.D. La. Dec. 30, 2009) (finding that § 2724(a) does not create a private right of action for false representations under the language of the DPPA). Plaintiffs may not proceed under § 2722(b) based on false representations.

### 2. Unjust Enrichment

Plaintiffs' unjust enrichment allegations invoke their general allegations, stating that AT&T was unjustly enriched in receiving and retaining the benefits of its improper conduct – the acquisition, disclosure, and/or use of Plaintiffs' personal information and/or highly restricted personal information. "The elements of unjust enrichment are: a benefit conferred by a plaintiff on a defendant; the defendant's appreciation of the fact of the benefit; and the acceptance and retention of the benefit by the defendant in circumstances that would render that retention inequitable." *Bauer Dev. LLC v. BOK Fin. Corp.*, 290 S.W.3d 96, 100 (Mo. App. Ct. 2009).

AT&T argues that Plaintiffs' unjust enrichment claim fails because they state that AT&T obtained their information from the Missouri Department of Revenue rather than from a "party," as required for an unjust enrichment claim. Unjust enrichment claims arise out of contract law; they are based on a "legal fiction" that provides a means of recovery where parties do not have an express contract. *United States v. Applied Pharm. Consultants, Inc.*, 182 F.3d 603, 606 (8th Cir. 1999) (applying Arkansas law). Thus, it is the contract-like nature of the relationship of the parties that gives rise to unjust enrichment claims. The Complaint in this case indicates no such relationship between the parties. The Missouri Supreme Court has held that to state a claim for unjust enrichment, a plaintiff must allege that a benefit was conferred on the defendant by that particular plaintiff. *See American Civil Liberties Union/E. Mo. Fund v. Miller*, 803 S.W.2d 592, 595 (Mo.1991) (en banc). Plaintiffs have not stated a claim for unjust enrichment.

D.     **Rule 12(e) More Definite Statement**

In the alternative, AT&T requests that the Court order Plaintiffs to file a more definite statement. Again, AT&T is on sufficient notice of the claims presented against it. The Court will not require Plaintiffs to replead their surviving claims.

## III.    Conclusion

Accordingly, it is hereby ORDERED that AT&T's Motion to Dismiss [Doc. # 16] is GRANTED in part. Plaintiffs' alleged claims under 18 U.S.C. § 2722(b) and for unjust enrichment are dismissed.  The remainder of AT&T's motion is denied.


                                                               s/ NANETTE K. LAUGHREY
                                                               NANETTE K. LAUGHREY
                                                               United States District Judge

Dated: April 13, 2010
Jefferson City, Missouri