IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

SAM WILES, et al.,

    Plaintiffs,

v.                      CIVIL ACTION NO. 2:09-ev-04236-NKL

SOUTHWESTERN BELL TELEPHONE
COMPANY d/b/a AT&T,

    Defendant

## ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, DIRECTING THE DISSEMINATION OF NOTICE AND SCHEDULING A FINAL SETTLEMENT HEARING

The Court has considered the Class Action Settlement Agreement and its exhibits, the joint motion of the Settling Parties for an order preliminarily approving a class action settlement and directing dissemination of notice and setting a final settlement hearing, and all other papers filed in this action. The matter having been submitted and good cause appearing therefore, the Court finds as follows:

    1.    All defined terms contained herein shall have the same meanings as set forth in the Class Action Settlement Agreement executed by the Settling Parties and filed with this Court (the "Settlement Agreement").

    2.    The Class Representatives and the AT&T Releases, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation.

3. The Court preliminarily concludes, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Litigation if the proposed Settlement Agreement is not ultimately approved or the Effective Date does not occur, that the proposed Rule 23 Class likely meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Class, and there is a well-defined community of interest among members of the proposed Class with respect to the subject matter of the Litigation; (c) the claims of Class representatives Sam Wiles and Emily Roberts are typical of the claims of the members of the proposed Class; (d) Class representatives Sam Wiles and Emily Roberts will fairly and adequately protect the interests of the Members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; (f) the counsel of record for the Class representatives is qualified to serve as counsel for the Class representatives in their own capacity as well as their representative capacity and for the Class; and (g) common issues will likely predominate over individual issues.

4. The Parties also have presented to the Court for review a Class Action Settlement Agreement. The proposed settlement includes the return of all data obtained from the State and the promise to not obtain such data again unless, and until, it can be done in compliance with the Act, and a settlement fund of $900,000.00 (Nine Hundred Thousand Dollars and No Cents) allocated as follows:

    1. Third Party Administration Costs, including the costs of Notice;
    2. Class Counsel's Attorney's Fees and case expenses in the amount of $300,000.00
    3. Incentive Awards to the named class representatives in the amount of $1,500.00

each.

4. Cy pres of the remaining amount to be distributed as follows:

    Legal Aid Western Missouri = 30%

    Legal Services of Eastern Missouri, Inc. = 30%

    Mid-Missouri Legal Services Corporation = 20%

    Legal Services of Southern Missouri = 20%

The Settlement Agreement proposes a Settlement that is within the range of reasonableness and meets the requirements for preliminary approval; and

5. The Parties have presented to the Court for review a plan to provide notice to the proposed Class of the terms of the settlement and the various options the Class has, including, among other things, the option for Class Members to opt out of the settlement, or to remain class members but to be represented by counsel of their choosing or to object to the proposed settlement. The notice will be published consistent with the Settlement Agreement.

Good cause appearing therefore, IT IS HEREBY ORDERED that:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class Action Settlement Agreement is preliminarily approved;

2 Notice of the proposed settlement and the rights of Class Members to opt out or object to the settlement shall be given consistent with the terms of the Settlement Agreement.

3. Defendant shall give notice pursuant to 28 U.S.C. Section 1715 within 14 days of this Order.

A hearing shall be held before this Court on June 3, 2011, at 11:00 am, to consider whether the settlement should be given final approval by the Court:

  (a) Written objections by Class Members to the proposed settlement will be considered if received by Class Counsel or before the Objection Deadline;

(b) At the Settlement Hearing, Class Members may be heard orally in support of or, if they have timely submitted written objections, in opposition to the settlement;

(c) Class Counsel and counsel for the AT&T Releasees should be prepared at the hearing to respond to objections filed by Class Members and to provide other information, as appropriate, bearing on whether or not the settlement should be approved; and

4. In the event the Effective Date occurs, all Class Members will be deemed to have forever released and discharged the Released Claims. In the event the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

DATED: February 10, 2011

s/ Nanette K. Laughrey
The Honorable Nanette Laughrey
United States District Judge