## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

SAM WILES and EMILY ROBERTS,     )
Individually and on Behalf of     )
All Others Similarly Situated,     )
    )
       Plaintiffs,     )
    )
    v.     )      No. 09-4236-CV-C-NKL
    )
SOUTHWESTERN BILL TELEPHONE     )
COMPANY, d/b/a AT&T.,     )
    )
       Defendant.     )

## REPORT AND RECOMMENDATION

On Friday, June 3, 2011, the parties appeared by counsel and presented evidence in support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, and Representatives' Request for Award of Attorneys' Fees, Costs, and Expenses (the "Unopposed Motion") (Doc. 43).[1]  Present at the hearing were Mitchell L. Burgess and Don P. Saxton, Burgess & Lamb, P.C., on behalf of plaintiffs, and Chad M. Pinson, Baker Botts, L.L.P., and Matthew D. Turner, Armstrong Teasdale, LLP, on behalf of defendant Southwestern Bell Telephone Company.

The terms of the proposed class action settlement are as follows:

AT&T will not obtain the entire Missouri Department of Revenue ("Mo DOR") driver's license database from Mo DOR in the future unless there is either:  (i) a clarification in the law, or (ii) statutory amendment further clarifying that AT&T is allowed to obtain Mo DOR driver's license data in that manner.

Within 14 business days after the Effective Date of the Settlement Agreement, AT&T will delete the Mo DOR data from its systems.  However, AT&T's counsel, Baker Botts L.L.P., or its successor counsel, may, but is not required to, maintain one copy of the Mo DOR data, for the purpose of defending any future claims regarding such data, including any claims that may possibly arise under this Settlement Agreement and for the purposes

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

of administering the Settlement to be held in trust for a period of time not to exceed the later of either (i) four years after the Effective Date, or (ii) two years after the last DPPA litigation matter against any of the AT&T Releases reaches Final conclusion.

In addition, Defendant agrees to create a fund of $900,000.00 (Nine Hundred Thousand Dollars and No Cents). The amount paid by the Defendant shall be the Settlement Fund. Pursuant to Court Order, that sum is to be allocated as follows:

1. Third Party Administration Costs, including the costs of Notice (costs totaled $21,929.32);

2. Class Counsel's Attorney's fees and case expenses in the amount of $300,000.00;

3. Incentive Awards to the named class representatives in the amount of $1,500.00 each;

4. *Cy pres* of the remaining amount ($575,070.68) to be distributed as follows:

   Legal Aid Western Missouri = 30%
   Legal Services of Eastern Missouri, Inc. = 30%
   Mid-Missouri Legal Services Corporation = 20%
   Legal Services of Southern Missouri = 20%

Based upon a review of the Unopposed Motion and evidence presented at the hearing on June 3, 2011, the Court makes the following findings and recommendations:

1. Plaintiffs' Unopposed Motion (Doc. 43) should be granted and the terms of the proposed settlement approved as a fair and reasonable settlement of all claims in the class action lawsuit.

2. Sufficient and reasonable notice of the proposed settlement, as required by Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, was made. Here, the Short Form Publication Notice was published, pursuant to the Notice Plan previously approved by the District Court, and provided a summary of the settlement and information regarding the settlement, and informed class members that the Long Form Notice was available at a dedicated website or by calling class counsel. See Exhibit 1, Doc. 43 (Unopposed Motion). In addition to the Long Form Notice, the website contained a link to the Settlement Agreement, Order Granting Preliminary Approval, and the Short Form Publication Notice.

In addition, the Notice described the litigation and the proposed settlement and its legal significance. Notice was also provided, pursuant to 28 U.S.C. §1715, to Attorney General Eric

2

Holder, Missouri Attorney General Chris Koster and the Director of the Missouri Department of Revenue.  See Exhibit 2, Doc. 43 (Unopposed Motion).

3.  The settlement class meets all of the requirements for class certification, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure:

*(1) the class is so numerous that joinder of all members is impracticable.*  Here, the class consists of all licensed drivers in the State of Missouri;

*(2) there are questions of law or fact common to the class.*  The common questions of law or fact are whether the defendant obtained drivers' license information in violation of the DPPA and what damages defendant may owe the class for obtaining information in violation of the DPPA;

*(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class.*  Here, the claims of the representative plaintiffs are typical of the claims of the members of the settlement class because their information was obtained at the same time and in the same manner as the rest of the class.  As such, the issue of whether that obtainment violated federal law is the same for the class representatives as it is for the class members.

*(4) the representative parties will fairly and adequately protect the interests of the class.* The interests of the representative plaintiffs here do not conflict with the interests of any other settlement class member, because they all seek compensation for the violation of federal law.  Further, as demonstrated by the efforts of settlement class counsel to date, they have vigorously protected the interests of representative plaintiffs and the settlement class members, and will continue to do so.  Additionally, the district court has already held that Messrs. Phalen, Burgess and Saxton are adequate class counsel.

4.  The settlement class satisfies the requirements of Rule 23(b)(3).  Whether defendant's obtaining of the driver's license information of Missouri drivers as it did was a violation of the DPPA and whether the conduct caused damage to members of the settlement class, are common questions that predominate over any individual questions that may exist.  In addition, a class action is superior to other available methods, as the amount of damages incurred by each settlement class member is insufficient to justify the costs of pursuing an individual action.

3

5. The terms of the settlement agreement are fair, reasonable and adequate. "Under Rule 23(e), the district court acts as a fiduciary, serving as a guardian of the rights of absent class members." In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 932 (8th Cir. 2005) (citing Grunin v. Int'l House of Pancakes, 513 F.2d 114, 123 (8th Cir. 1975)). A district court is required to consider four factors in determining whether a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. Id. (citing Grunin, 513 F.2d at 124 (citations omitted)). See also Van Horn v. Trickey, 840 F.2d 604, 607 (8th Cir.1988). When analyzing the four factors it is clear the terms of the proposed settlement agreement are fair, reasonable and adequate.

First, in weighing the merits of the plaintiffs' case against the terms of the settlement, it should be noted the settlement provides immediate relief. It requires the deletion of all drivers' personal information that is in the possession of defendant that was provided by the Missouri Department of Revenue pursuant to the DPPA. Plaintiffs also allege that it greatly reduces the risk of identity theft and the illegal use of such information. The settlement also provides for significant contribution to four Missouri Legal Aid organizations. These organizations provide free legal services to those who otherwise would not have access to the courts. The settlement provides substantial benefits in contrast to the very real possibility of no, or lesser, relief should the claims of representative plaintiffs be denied. There are multiple issues that are in flux around the country and many that would have been issues of first impression for the Eighth CircuitCourt of Appeals. Additionally, to plaintiffs' knowledge, no other DPPA-related case has resulted in such favorable results for the class. See, e.g., Taylor v. Acxiom Corp., 612 F.3d 325, 340-41 (5th Cir. 2010). Thus, this factor favors approval of the settlement.

Second, in assessing the defendant's financial condition, it should be noted that while defendant could likely afford a greater settlement, the result is quite favorable given that this defendant obtained dismissal of claims asserted against it in similar litigation filed in the State of Texas. See Taylor v. Acxiom Corp., 612 F.3d 325 (5th Cir.2010). A significant focus of the parties' negotiations has been to reach settlement terms which provide the class members with

4

significant value while also taking into account the tremendous hurdles faced by the class. Given the substantial risks and obstacles faced by the class in proceeding to trial, and through certain appeals, this factor weighs in favor of approval of the settlement.

Third, the complexity and expense of further litigation favors settlement. Representative plaintiffs and class counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the litigation through summary judgment, class certification and appeals. The representative plaintiffs believe that the claims asserted in the litigation have merit. However, class counsel has taken into account the uncertain outcome and the risk of further litigation. Defendant, while also mindful of the uncertainties of litigation, has aggressively maintained its positions regarding liability and damages. It denies both. Class counsel are also mindful of the inherent problems of proof and possible defenses to the claims asserted in the litigation, as well as the results of similar cases in other jurisdictions. Given the nature of the case, it is assured that any final decision on the merits would be appealed, which would then cause further delay because it would require briefing, oral argument (if requested by the appeals court), and awaiting a decision. In contrast, the settlement provides for significant benefits for the members of the settlement class without further delays. Due to the significant risks in this litigation and the uncertainty of prevailing on the merits and of establishing damages, and prevailing on appeal, this factor favors approval of the settlement agreement.

Fourth, there have been no objections filed to this settlement from either members of the class or recipients of CAFA notice. Having no objectors demonstrates strong support for the value and benefits delivered by the settlement. This factor weighs heavily in favor of approval of the settlement. In addition, there were no class members that opted out of the settlement.

6. The requested award of attorney fees, costs and expenses is fair and reasonable. Class counsel is requesting the District Court to approve the payment of $300,000.00 for attorney fees and case expenses which was agreed to between the parties after good faith, arm's length negotiations and which occurred after the other terms of the settlement agreement were reached. When awarding attorney fees in class actions, courts must ensure that class counsel are compensated adequately but not excessively. Here, the settlement fund totals $900,000.00. As a result, the fees sought by class counsel are roughly one-third of the fund, a number consistent

with other class action cases. Class counsel, as described in detail in the Unopposed Motion have expended tremendous time and energy in this and related cases. In addition, if the District Court were to adopt the Lodestar method in this case (which is not the preferred method in a common fund case), class counsels' fee request results in approximately a 2.3 multiplier when considering the total hours expended in this case and is thus well within reason for class action litigation.

The Eighth Circuit, as well as this Court, has held that in "common fund" cases, where attorney fees and class members' benefits are distributed from one fund a percentage of the benefit method may be preferable to the lodestar method. In re Texas Prison Litigation, 191 F.R.D. 164, 176 (W.D. Mo. 1999), citing Johnston v. Commercial Mortgage Corp., 83 F.3d 241, 245 (8th Cir. 1996); accord Camden I Condominium Ass'n, Inc. v. Dunkle, 946 F.2d 768, 774 (11th Cir.1991). The Supreme Court has indicated, in *dicta,* that this method should be applied in common fund cases. Blum v. Stenson, 465 U.S. 886, 900 n.16 (1984) ("Unlike the calculation percentage of the fund bestowed on the class, a reasonable fee under § 1988 reflects the amount of attorney time reasonably expended on the litigation.").

The Eighth Circuit has also established factors that a court could consider in determining a fee award. Allen v. Tobacco Superstore, Inc., 475 F.3d 931 (8th Cir. 2007), relying on Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717–19.

Each of the Johnson factors above are analyzed in detail in plaintiffs' Unopposed Motion at pp. 17-23. The Court finds those arguments persuasive and adopts and incorporates each of them as if fully set forth herein. Consequently, application of the Johnson factors supports an

Case 2:09-cv-04236-NKL   Document 46   Filed 06/09/11   Page 6 of 7

award of attorney fees and expenses to Class Counsel in the amount of $300,000.00 which is an amount that the defendant has agreed to pay.

IT IS, THEREFORE, RECOMMENDED that plaintiffs' Unopposed Motion (Doc. 43) be granted and the District Court enter an order:

(1)     finding the terms of the settlement fair, reasonable, and adequate;

(2)     finally certifying the settlement class;

(3)     finally approving the settlement set forth in the settlement agreement;

(4)     approving the fees and expenses requested by class counsel;

(5)     ordering the deletion of the data obtained and in the possession of defendant in accordance with the terms of the settlement agreement;

(6)     ordering the payment of the incentive awards to the class representative; and

(7)     ordering distribution of the funds to the cy pres recipients.

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the District Judge, except on grounds of plain error or manifest injustice.

Dated this 9th day of June, 2011, at Jefferson City, Missouri.


/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge

7